IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ECOLAB INC. AND ECOLAB USA, INC.,

    Plaintiffs,

    v.

SC JOHNSON PROFESSIONAL GROUP
LTD. (F/K/A DEB GROUP LTD.) AND
DEB IP LIMITED,

    Defendants.

Civil Action No. 23-170-RGA

MEMORANDUM OPINION

Bindu A. Palapura, Andrew L. Brown, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Caryn Cross, W. Bryan Farney, Cassandra Klingman, FARNEY PC, Georgetown, TX,

    Attorneys for Plaintiffs.

Dominick T. Gattuso, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, DE; Brook R. Long, Patrick R. O'Meara, WINSTON & STRAWN, Chicago, IL,

    Attorneys for Defendants.

March 28, 2024

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Report and Recommendation of a United States Magistrate Judge. (D.I. 40). It addresses Defendants' motion to dismiss the First Amended Complaint ("FAC") for failure to state a claim. (D.I. 32). The Report recommends that I grant the motion to dismiss without prejudice. (D.I. 40 at 1).

Plaintiffs filed objections to the Report. (D.I. 41). Defendants responded. (D.I. 43). For the reasons set forth below, I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of the facts except as I see necessary to explain my decision.

I. **LEGAL STANDARD**

A. **Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Federal Rule of Civil Procedure 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d

Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## B. Standard of Review

A magistrate judge may make a report and recommendation regarding a case-dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). "When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a de novo review." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). A motion for summary judgment is considered a dispositive motion. D. Del. LR 72.1(a)(3). The Court may accept, reject, or modify the Magistrate Judge's recommendation. Fed. R. Civ. P. 72(b)(3).

## II. DISCUSSION

The Report held the FAC does not plausibly allege that any written communications constitute an election not to enforce the Deb Group Patents. (D.I. 40 at 7). The Report thus recommends dismissal of Count I of the FAC. (*Id.*). The Report further held there can be no breach of contract claim absent an election, so Count II of the FAC is not ripe. (*Id.* at 13). The Magistrate Judge similarly recommends dismissal of Counts III and IV. (*Id.* at 13–15).

Plaintiffs do not object to the Magistrate Judge's recommendation that Counts III and IV be dismissed on grounds other than the Section 4.1(a) election issue. (D.I. 41 at 10). I agree with the Magistrate Judge's recommendation. I will therefore dismiss Plaintiffs' tortious interference with prospective economic advantage and breach of the duty of good faith and fair dealing claims. I will consider Plaintiffs' objections regarding the Magistrate Judge's findings on the declaratory judgment and breach of contract claims.

Plaintiffs object to the Magistrate Judge's finding that Defendants did not decide to not enforce their patents. (*Id.* at 3). Plaintiffs argue that Section 6 of the Settlement Agreement constitutes notice of Defendants' decision not to enforce the patents. (*Id.* at 3–4). Plaintiffs also argue that Defendants' December 2022 letter, which acknowledged that the relevant patents' claims were "subject to an invalidity challenge," constitutes notice, too. (*Id.* at 4). Plaintiffs contend, "The meaning of this phrase is a fact question for which the [Report] wrongly failed to accept [Plaintiffs'] allegations." (*Id.*).

Plaintiffs contend the portion of Section 4.1(a) of the License Agreement that states Defendants "did not make an election" is an "irrelevant" and "self-serving" statement. (*Id.* at 5). Section 6 of the Settlement Agreement, Plaintiffs argue, satisfies the notice requirement even though Section 6 refers to licensees, as the parties intended the term "third-party infringer" to include licensees. (*Id.* at 6–7). Plaintiffs also argue that the Magistrate Judge's analysis of the License Agreement would render Section 4.1 illusory. (*Id.* at 8–9).[1]

---

[1] Plaintiffs raise several other objections. They contend the Report "misread [Section] 4.1(a) to require that [Defendants] affirmatively assign enforcement rights rather than only provide notice that [Defendants] had decided not to enforce." (D.I. 41 at 4). Plaintiffs further argue that the Report "was wrong about the timing of Section 6" (*id.* at 5–6) and "erred in accepting [Defendants'] allegations and concluding that [Plaintiffs] 'reversed course' or attempt[] to collect royalties while avoiding [their] own" (*id.* at 10).

### A. Declaratory Judgment

I agree with the Magistrate Judge that none of the written communications Plaintiffs rely on constitute an election not to enforce the relevant patents.

Given that the Settlement Agreement and the License Agreement were executed on the same day, and the License Agreement establishes that no election had been made (*see* D.I. 40 at 8 (citing D.I. 31 ¶¶ 88, 100–01, 104–05)), Section 6 of the Settlement Agreement cannot plausibly be read to make an election. Plaintiffs' argument about timing—that Section 6 and Section 4.1(a) are consistent because the former was not effective until the amendment date of the License Agreement, while the latter refers to a lack of written notice prior to the amendment date (*see* D.I. 41 at 5–6)—fails in part because Section 6 refers to licensees, while the License Agreement refers to third-party infringers. As the Magistrate Judge found, "licensees and third-party infringers are fundamentally different categories," and to the extent that the FAC pleads definitions different than those in the contracts, the Settlement Agreement and License Agreement control. (*See* D.I. 40 at 8–9). I agree with the Magistrate Judge that the use of these terms in the License Agreement indicates that the terms are not synonymous. (*See id.* at 10 (citing D.I. 2-1 at 3, 6 of 85 (Sections 4.1 and 7))).[2]

I also agree with the Magistrate Judge that the December 2022 letter cannot plausibly constitute an election. The Report found that "the same letter expressly states that [Defendants] 'did not make an election under Section 4.1 of the License Agreement.'" (*Id.* at 11 (quoting D.I. 33 at 12)). Plaintiffs' contention that the meaning of "subject to an invalidity challenge" is a

---

[2] I also reject Plaintiffs' contention that Defendants have waived any arguments about the meaning of "third-party infringer." (*See* D.I. 41 at 7). As Defendants note, they addressed the issue in their opening brief; they did not assert the argument in a footnote only. (*See* D.I. 43 at 8 (citing D.I. 32 at 9–10)).

factual question that, if resolved in their favor, indicates an election is not plausible.  The plain meaning of the letter contradicts Plaintiffs' argument.  A contract should be given its ordinary meaning when the language is clear and unambiguous.  *GMG Cap. Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012).  Ambiguity only exists if contractual provisions "are reasonably or fairly susceptible of different interpretations or may have two or more different meanings."  *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).  Here, the language at issue is clear: Defendants did not make an election in the December 2022 letter.

Lastly, I do not think that adopting the Magistrate Judge's findings would render Section 4.1 illusory.  To the extent Plaintiffs make arguments about illusory contract provisions, they rely on the original, not amended, version of the License Agreement.  This is extrinsic evidence, which I do not consider because the plain language of the amended License Agreement at issue is unambiguous.  *See Cox Commc'ns, Inc. v. T-Mobile US, Inc.*, 273 A.3d 752, 760 (Del. 2022) ("We do not consider extrinsic evidence unless we find that the text is ambiguous.").[3]

### B. Breach of Contract

As the Report found, "The FAC acknowledges that [Plaintiffs'] right to enforce the Deb Group Patents and [Defendants'] corresponding duty to provide reasonable cooperation arise only when [Defendants] elect[] not to enforce the Deb Group Patents." (D.I. 40 at 13 (citing D.I. 31 ¶¶ 252–53)).  Given that Plaintiffs have failed to plead that an election occurred, however, there cannot be a breach for failure to provide reasonable cooperation.  I thus adopt the Magistrate Judge's conclusion that Count II of the FAC is not ripe.

---

[3] Plaintiffs do not substantively address the Magistrate Judge's finding that Defendants' motion to dismiss cannot plausibly be construed as an election. (*See generally* D.I. 41 at 3–10).  I agree with the Magistrate Judge and adopt that finding.

### III. CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report and Recommendation.  I therefore grant Defendants' motion to dismiss the FAC.  (D.I. 32).  Dismissal is without prejudice.

An appropriate order will issue.