IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ECOLAB INC. and ECOLAB USA INC.,

    Plaintiffs,

v.

SC JOHNSON PROFESSIONAL GROUP
LIMITED (f/k/a DEB GROUP LIMITED)
and DEB IP LIMITED,

    Defendants.

Civil Action No. 23-170-RGA

MEMORANDUM OPINION

Bindu A. Palapura, POTTER ANDERSON & CORROON LLP, Wilmington, DE; W. Bryan Farney, Cassandra Klingman, Caryn Cross, FARNEY PC, Georgetown, TX,

    Attorneys for Plaintiffs.

Dominick T. Gattuso, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, DE; Brook R. Long, Patrick R. O'Meara, WINSTON & STRAWN LLP, Chicago, IL,

    Attorneys for Defendants.

April 30, 2025

**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Plaintiff's motion for leave to file a second amended complaint. (D.I. 46). I have reviewed the parties' briefing. (D.I. 47, 49, 50, 52, 53). For the reasons set forth below, Plaintiff's motion is DENIED.

## I. BACKGROUND

Plaintiffs Ecolab Inc. and Ecolab USA Inc. (together, "Ecolab") make and sell hand sanitizer and skin care products. (D.I. 2 ¶ 4). Ecolab obtained a non-exclusive license (the "License Agreement") from Defendants SC Johnson Professional Group Limited (f/k/a Deb Group Limited) and Deb IP Limited (together, "Deb Group") in 2013, allowing Ecolab to make and sell products covered by Deb Group's patents. (*Id.* ¶¶ 16–18). Section 4.1 of the License Agreement states,

> DEB GROUP will take commercially reasonable steps to enforce its patents. Should DEB GROUP *elect*, at its sole discretion, to not enforce their own patents against a third party infringer, ECOLAB shall have the right to assert the patents against such third party infringers at its own expense . . . . The non-litigating party will provide all reasonable cooperation, in a non-pecuniary way, in pursuing such actions against such third party infringers. . . .

(D.I. 2-1, Ex. A at 3 of 85) (emphasis added). There are two patents at issue.

Ecolab sued Deb Group for breach of contract in 2021, and the parties executed a Settlement Agreement on June 27, 2022. (D.I. 2 ¶¶ 26–27). Part of the settlement added Section 4.1(a) to the License Agreement to clarify what "elect" means; that is, what Deb Group must do to elect not to enforce its patents, thus giving Ecolab the right to enforce the patents. (D.I. 2-1, Ex. B at 24 of 85). Section 4.1(a) says, "No action or inaction other than an affirmative written communication of an election by Deb Group to the Ecolab counsel identified in Section 7 of the Settlement Agreement shall be deemed an election by Deb Group not to enforce its patents pursuant to this Section 4.1." (*Id.*). Section 6 of the Settlement Agreement says, "Deb Group

confirms it will not seek to enforce the DEB GROUP Patents in the United States, nor collect royalties thereon, for activities carried out in the United States by Deb Group licensees on and after September 30, 2024." (*Id.* at 14 of 85). That provision of Section 6 was included (at least in part) because Ecolab had alleged the Deb Group patents were invalid. (D.I. 49 at 3).

On July 7, 2022, Ecolab wrote to Deb Group, asserting it interpreted Section 6 as Deb Group electing not to enforce its patents, thus giving Ecolab the right to enforce the patents. (D.I. 2-1, Ex. D at 60 of 85). The same day, Ecolab's outside counsel sent Deb Group's counsel a letter, stating the same and saying it believed Deb Group's patents would remain valid and enforceable after September 29, 2024. (D.I. 2-1, Ex. E at 62–63 of 85).

Deb Group's counsel responded on August 24, 2022, stating that Ecolab's position that the patents were valid and enforceable was directly contrary to positions Ecolab previously took. (D.I. 2-1, Ex. F at 65–68 of 85). Deb Group asserted it never elected in written communications not to enforce its patents, and that Section 6 of the Settlement Agreement was not an election. (*Id.*).

For a few more months, the parties continued to exchange communications restating their positions. (D.I. 2-1, Ex. H at 73–75 of 85; D.I. 2-1, Ex. I at 77–78; D.I. 2-1, Ex. J at 80 of 85).

Ecolab filed the instant suit against Deb Group on February 25, 2023, seeking a declaratory judgment that Ecolab could enforce the Deb Group patents after September 29, 2024, and alleging Deb Group breached the License Agreement by failing to cooperate with Ecolab's efforts to enforce the patents. (D.I. 2 ¶¶ 46–80). On June 16, 2023, Ecolab filed a first amended complaint ("FAC") with four counts: (1) declaratory judgment that Ecolab has the right to enforce the Deb Group patents after September 29, 2024, (2) breach of the License Agreement,

(3) tortious interference with prospective economic advantage, and (4) breach of the duty of good faith and fair dealing. (D.I. 31 ¶¶ 228–318).

Deb Group moved to dismiss the FAC. (D.I. 32). I referred the motion to a magistrate judge. (D.I. 37). The Magistrate Judge issued a Report and Recommendation, recommending I grant Deb Group's motion to dismiss. (D.I. 40). I adopted the Magistrate Judge's Report and Recommendation, and I dismissed the FAC without prejudice. (D.I. 44 at 7).

Ecolab now moves for leave to file a second amended complaint. (D.I. 46). Ecolab includes some additional factual allegations about its invalidity position and how the parties view Section 4.1 of the License Agreement. (*See, e.g.*, D.I. 46-2 ¶¶ 26, 28, 38, 42). Ecolab includes the Counts I and II, with some minor alterations, from its dismissed FAC. (D.I. 47 at 6). Ecolab includes a new Count III, pled in the alternative to Count I, seeking a declaratory judgment that Ecolab has the right to enforce the Deb Group patents because Deb Group breached the "implied covenant of truthfulness." (*Id.* at 8; D.I. 46-2 ¶¶ 317–43). Ecolab includes a new Count IV, which is an amended version of the FAC's Count II, alleging Deb Group breached Section 4.1 by failing to cooperate with Ecolab's enforcement efforts. (D.I. 47 at 7; D.I. 46-2 ¶¶ 344–70).

Since the parties completed their briefing, Deb Group filed terminal disclaimers at the Patent Office with respect to the two patents at issue. As a result, each patent expired on September 29, 2024, and is therefore unenforceable after that. (D.I. 52).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has construed Rule 15 liberally, instructing that "absent undue or

4

substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (emphasis omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The futility analysis follows the standard that applies to a motion under Rule 12(b)(6). *Id.*

## III. DISCUSSION

### A. Counts I and II

In its opening brief, Ecolab stated it included previously-dismissed Counts I and II only to preserve its right to appeal. (D.I. 47 at 6; *see* D.I. 46-1 at 70 n.1 & 74 n.2 (saying the same thing in the proposed amended complaint)). In its reply brief, Ecolab claims Counts I and II plausibly state a claim because Deb Group admitted in its answering brief that it elected not to enforce its patents. (D.I. 50 at 1–2). The part of Deb Group's brief cited by Ecolab says, "Deb Group had decided not to enforce [its patents] against its current licensees." (*Id.* at 3, citing D.I. 49 at 15). As explained in the Magistrate Judge's Report and Recommendation, "licensees and third-party infringers are fundamentally different categories," and Ecolab's enforcement rights were not triggered when Deb Group represented in Section 6 of the Settlement Agreement that it would not enforce its patents against licensees. (D.I. 40 at 8, 11). Counts I and II were already dismissed and Ecolab proposes no amendments that allow them to state a claim. The proposed amended Counts I and II are thus futile.

### B. Count III

Deb Group argues that proposed Count III, breach of the "implied covenant of truthfulness,"[1] is futile because Section 4.1(a) of the License Agreement covers Deb Group's alleged wrongdoing. (D.I. 49 at 9). I agree.

Proposed Count III alleges Deb Group made misrepresentations when it executed the License Agreement and Settlement Agreement, based on communications from Deb Group before and after the agreements were finalized. The remedy Ecolab seeks is the right to enforce the Deb Group patents. (D.I. 46-2 ¶¶ 333–34). "The implied covenant of good faith and fair dealing is a cautious enterprise" used "to analyze unanticipated developments or to fill gaps in the contract's provisions." *Oxbow Carbon & Mineral Holdings, Inc. v. Crestview-Oxbow Acquisition, LLC*, 202 A.3d 482, 506–07 (Del. 2019) (cleaned up). "[T]he implied covenant does not apply when the contract addresses the conduct at issue, but only when the contract is truly silent concerning the matter at hand." *Id.* at 507 (cleaned up). The right to enforce that Ecolab seeks under Count III, and the conditions that must be met for Ecolab to gain that right, are explicitly addressed in the parties' agreement. Section 4.1(a) provides only one way for Ecolab to obtain the right to enforce the Deb Group patents: an affirmative written communication by Deb Group. (D.I. 2-1, Ex. B at 24 of 85). The agreement specifically says no other action or inaction qualifies to give Ecolab the right it now seeks. (*Id.*). "[T]he matter at hand" in Count III is explicitly covered by the contract; I will not "use an implied covenant to re-write the agreement between the parties." *Oxbow*, 202 A.3d at 507.

---

[1] In the proposed complaint, Ecolab refers to the "implied covenant of truthfulness" at least four times. (D.I. 46-2 at 93 n.3, 94, 95, 96). The only support for this implied covenant is one opinion describing an implied covenant of "no fraud." *See In re El Paso Pipeline Partners, L.P. Derivative Litig.*, 2014 WL 2768782, at *23 (Del. Ch. June 12, 2014) (quoting *ASB Allegiance Est. Fund v. Scion Breckenridge Managing Member, LLC*, 50 A.3d 434, 443 (Del. Ch. 2012)). In its opening brief and in its reply brief, Ecolab refers to Count III as a breach of the implied duty of good faith and fair dealing. (D.I. 47 at 17; D.I. 50 at 4). I will treat it as such.

Ecolab also argues that if its conditional enforcement right is interpreted not to include enforcement against licensees (as interpreted by the Magistrate Judge and adopted by me), then Delaware law should be used to "fill the gap" to include licensees. (D.I. 47 at 11–16). Since I decided that proposed Count III is futile because the contract explicitly addresses the conditions for the right sought by Ecolab, it follows that Count III cannot state a claim based on a gap-filling provision that would allow Ecolab to enforce the patents against licensees.

Ecolab's Count III is futile because it fails to state a claim.

### C. Count IV

In proposed Count IV, Ecolab alleges Deb Group elected not to enforce its patents, then breached the License Agreement by refusing to provide reasonable cooperation to Ecolab to enforce the patents. (D.I. 46-2 ¶¶ 344–70).

The underlying allegation in Count IV is that Ecolab has the right to enforce the patents because Deb Group elected not to enforce them. I have already ruled "that none of the written communications [Ecolab] rel[ies] on constitute an election not to enforce the relevant patents." (D.I. 44 at 5). Ecolab offers no additional communications from Deb Group that I have not already considered and rejected. Ecolab acknowledges this and states that part of Count IV is included for preserving its right to appeal. (D.I. 47 at 19; see D.I. 46-1 at 80 n.4). Ecolab argues that other parts of Count IV properly allege breach "as pled in Count III." (D.I. 47 at 20). Since I already ruled that Deb Group has not elected not to enforce its patents, and that Ecolab fails to state a claim under proposed Count III, proposed Count IV is futile because it too does not state a claim.

## IV. CONCLUSION

An appropriate order will issue.